UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELLIOTT McKINLEY MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA STATE PRISON, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-1093-CCB-SJF |

**OPINION AND ORDER**

Elliott McKinley Montgomery, a prisoner without a lawyer, filed a complaint with unrelated claims. ECF 1. It was stricken and he was granted leave to amend his complaint to include only properly joined and related claims. ECF 3. In response he filed a twenty-nine page amended complaint with twenty-eight defendants. ECF 7. He once again complains of unsanitary conditions of confinement; denial of adequate mental, medical, and dental care; retaliation for filing grievances; denial of access to the courts; deprivation of personal property; an inappropriate response to a prison fire; failure to place him appropriately on suicide watch; being made to eat his meal with his hands while in a shower; and failure to issue commissary refunds. He also alleges that some of the defendants used excessive force against him. Montgomery states that the "events occurred from May 15, 2025, and [are] ongoing . . .." *Id.* at 5.

As in the original complaint, these allegations are unrelated. As explained in the July 24 Order, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th

Cir. 2012); *see* ECF 3. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit Court of Appeals has repeatedly urged district courts to "be alert" to the issue of unrelated claims. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In *Owens*, the court "warned that district courts should not allow inmates to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Id.*; *see also Thompson v. Bukowski*, 812 Fed. Appx. 360, 363 (7th Cir. 2020) (noting that "mere overlap between defendants is not enough" and affirming dismissal of unrelated claims at the screening stage where plaintiff made "no specific argument" that the questions or law or fact were "common to all defendants"). Montgomery recites his grievances without even attempting to tie them in together. Simply put, his claims are still unrelated in time, subject matter, and persons involved. Accordingly, these claims can't be brought together in one lawsuit simply because they happened to him at the same prison. *See Thompson*, 812 Fed. Appx. at 363.

The court will give Montgomery one last chance to amend his complaint. He must decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file a second amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which can be found in the prison law library, including only a discussion of those related claims and defendants. He needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally

injured––providing relevant facts about what occurred. He may not write about other events and conditions at the Indiana Prison that are not directly related to the claim against the named defendant(s). If he wants to pursue any other unrelated claims, Montgomery must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and will proceed as an independent case, subject to the usual filing fees, costs, and constraints of the Prisoner Litigation Reform Act.

If Montgomery files a second amended complaint that still contains unrelated claims, the court may choose one and dismiss the rest. *See Owens*, 635 F.3d at 952 ("Complaints like this one from Owens should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal citations omitted); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

For these reasons, the court:

(1) **STRIKES** the amended complaint (ECF 7), but it will remain in the public record;

(2) **GRANTS** Elliott McKinley Montgomery until **<u>October 2, 2026</u>**, to file an amended complaint on the proper form containing only related claims; and

(3) **CAUTIONS** Elliott McKinley Montgomery that if he does not do so by the deadline, this case may be dismissed without further notice.

SO ORDERED on August 31, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT